**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert Lee PARKER, Defendant—
Appellant.**

No. 02–50399.

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 2003.*

Decided June 11, 2003.

BEFORE: REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM**

After a jury trial, Robert Lee Parker was convicted of being a felon in possession of a firearm in violation of 18 U.S.C.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 922(g)(1) and was sentenced to 41 months in prison. During jury selection, the prosecutor used a peremptory challenge to strike the only seated black juror, Lynne Thompson. Parker, who is also black, challenged the peremptory strike under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court denied Parker's *Batson* challenge and Parker now appeals that ruling. The relevant facts are known to the parties and are discussed here only briefly and as necessary.

"*Batson* sets forth a three-part test for determining whether a prosecutor has used peremptory strikes in a way that violates the Equal Protection Clause." *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir.2002). "The defendant must first make a prima facie showing that the prosecution exercised its peremptory challenges based on race. Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. Finally, if the first two steps are satisfied, the [trial] court must determine whether the defendant has carried his ultimate burden of proving purposeful discrimination." *McClain v. Prunty*, 217 F.3d 1209, 1219 (9th Cir.2000) (internal quotation marks and citation omitted).

The only question on appeal is whether the district court clearly erred at step three of *Batson* in finding that Parker failed to prove purposeful discrimination. We conclude, in light of the " 'great deference' " we must accord the district court's step three *Batson* finding, that no clear error occurred here. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (quoting *Hernandez v. New York*, 500 U.S. 352, 364, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (per curiam)).

When Parker raised his *Batson* challenge in the district court, the prosecutor explained that he wanted to strike Thompson because she was "an attorney" who might "corrupt the process of the jurors' decision making" by conveying to them burdens of proof, rules of evidence and other information unrelated to their task. In explaining his reasoning for the peremptory strike, the prosecutor also stated, in error, that Thompson "has been an attorney for a number of years in criminal cases." Before ruling on Parker's *Batson* challenge, the district court noted the factual inaccuracy of this statement: "I will note, that Ms. Thompson did not state that she had criminal experience, only one case which did not go to trial. Nonetheless, the fact that she is a lawyer is probably a sufficient reason for striking a juror in most people's view." Earlier in the hearing on jury selection, Thompson informed the court that she had worked as a civil litigator and tried cases until 1995, when she stopped practicing law. At the time of jury selection, Thompson was still a member of the bar but worked as a human resources manager at UCLA.

Parker argues that it was clearly erroneous for the district court to find no purposeful discrimination when part of the prosecutor's stated reason for striking Thompson was contrary to the facts. Although the prosecutor's erroneous statement regarding Thompson's criminal litigation experience creates a concern that his reasons for striking Thompson may have been pretextual, the district court took the erroneous nature of prosecutor's statement into account in making its step three *Batson* determination. We have noted that a prosecutor's race neutral reasons for a peremptory strike should be deemed pretextual when unsupported by the record or refuted by it, but this is not such a case. See *McClain*, 217 F.3d at 1221–23; *Johnson v. Vasquez*, 3 F.3d 1327, 1329–31 (9th Cir.1993). It is undisputed

that Thompson was the only member of the bar on the jury and that she was also the only juror with prior experience as a civil litigator. Because the prosecutor's stated concerns regarding Thompson's legal experience and its potential effect on the jury were neither " 'implausible [n]or fantastic,' " *Miller–El*, 123 S.Ct. at 1040 (quoting *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam)), we defer to the district court's credibility determination and affirm the rejection of Parker's *Batson* challenge.

**AFFIRMED.**